UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLARA Z. PACK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 1:15-CV-00581-SEB-TAB ) |
| CAROLYN W. COLVIN, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**I. Introduction**

Plaintiff Clara Z. Pack challenges the Social Security Appeals Council's decision that she was overpaid $9,936 in benefits and must repay that amount. The Court is asked to determine whether the Appeals Council's decision is supported by substantial evidence. As explained below, it is. The Magistrate Judge recommends that the Appeals Council's decision be affirmed.

**II. Facts and Findings**

Pack is a retired federal government employee who receives a monthly government pension. Pack's government employer chose not to participate in Social Security, so Pack's government earnings did not count toward her Social Security work record. However, Pack had sufficient earnings from a non-government employer that qualified her for Social Security, and she elected to receive retirement benefits based on those earnings. Pack also elected to receive Social Security spousal benefits (widow and survivor) based on the work record of her late husband.

On August 15, 2012, Social Security notified Pack that she had been overpaid $9,936 in benefits because her retirement and spousal benefits did not account for her government pension. [Filing No. 16, at ECF p. 43-46.] The notice requested a lump sum repayment to Social Security, but informed Pack that she may also request a waiver of repayment by demonstrating that she was not at fault for the overpayment and could not meet her necessary living expenses if she repaid that amount. *Id*. Pack did not make a lump sum repayment or seek a waiver. Rather, Pack appealed the decision, which was denied. [Filing No. 16, at ECF p. 47-50.]

Pack requested a hearing on the denial, and appeared before an Administrative Law Judge on April 29, 2013. On June 13, 2013, the ALJ ruled that Pack must repay the overpayment. [Filing No. 16, at ECF p. 16-21.] The ALJ found that Pack failed to report her government pension, which changed the calculation of her benefits by prompting application of the Social Security Windfall Elimination Provision (WEP) and Government Pension Offset (GPO) reductions. [Filing No. 16, at ECF p. 18-19.] The ALJ found that that Pack was overpaid $9,924 in benefits and that she was at fault for causing the overpayment. [Filing No. 16, at ECF p. 20.]

At Pack's request, the Appeals Council reviewed the ALJ's decision. On February 12, 2015, the Appeals Council issued a decision adopting the ALJ's statements regarding Social Security law, issues in Pack's case, and the evidentiary facts. [Filing No. 16, at ECF p. 7.] However, the Appeals Council determined that the ALJ miscalculated the overpayment by $12 due to a rounding error and that the ALJ erred in finding Pack was at fault for the overpayment. [Filing No. 16, at ECF p. 7-10.] The Appeals Council vacated the ALJ's calculations and affirmed the calculations from the August 2012 Social Security notice, incorporating those calculations into its decision. [Filing No. 16, at ECF p. 9.] The Appeals Council found that Pack

had not submitted any evidence that would support a finding of waiver, and determined that she must repay the $9,936 overpayment. The Appeals Council's decision became the final decision of the Commissioner. This appeal followed.

### III. Standard of Review

The Court must uphold the Commissioner's decision if the findings are supported by substantial evidence. *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The substantial evidence standard requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1121. The Court will not reweigh the evidence or substitute the Commissioner's judgment, but will examine the decision and determine whether there is "a logical bridge from the evidence to the conclusions." *Id.* If the decision lacks substantial evidence, it will be remanded. *Id.*

### IV. Discussion

Pack filed a number of motions in this action. After holding a telephonic status conference on November 13, 2015, and upon review of Pack's motions and responses, the Magistrate Judge interprets Pack's arguments as: (1) the $9,936 overpayment amount is not supported by substantial evidence, and (2) the Appeals Council failed to take into account $6,796 that Pack has since repaid.

#### A. Overpayment amount

The Appeals Council found that Pack received an overpayment of $9,936 based on the calculations in the August 2012 Social Security notice. [Filing No. 16, at ECF p. 9.] Pack argues that the overpayment amount is erroneous because she should be allowed to receive the full sum of her retirement benefits and her full spousal benefits, less a two-thirds offset of her pension. [Filing No. 16, at ECF p. 128; Filing No. 24, at ECF p. 2.] The Commissioner argues

that the Appeals Council's finding of a $9,936 overpayment is supported by substantial evidence and calculated according to law. As explained below, the Magistrate Judge agrees with the Commissioner.

The Social Security regulations provide for a variety of reductions to an individual's Social Security benefits. The WEP reduces the benefits paid to a government pension recipient if the employer did not participate in Social Security. 20 C.F.R. § 404.213. Normally, an individual's retirement benefits are based on ninety percent of the averaged indexed monthly earnings in the first earnings bracket. 20 C.F.R. § 404.212. The WEP reduces that amount to either forty percent, or half of the government pension from the first year of eligibility for both pension and retirement, whichever is the higher amount. 20 C.F.R. § 404.213(c). Benefits are also reduced when an individual receives retirement benefits as well as spousal benefits, referred to by the Commissioner as "simultaneous entitlement." 20 C.F.R. § 404.407(a). Simultaneous entitlement reduces the monthly spousal benefits by the amount of monthly retirement benefits. *Id.* Additionally, the GPO reduces spousal benefits paid to a government pension recipient if the employer did not participate in Social Security. 20 C.F.R. § 404.408a(d)(3). The GPO decreases the monthly spousal benefits by two-thirds of the monthly government pension. 20 C.F.R. §§ 404.408a(a)(1)(iii), 404.408(d)(1). After these reductions are applied, the monthly payments are rounded down to the nearest dollar. 20 C.F.R. §§ 404.408a(d)(4), 404.304(f).

The Appeals Council's decision builds a logical bridge from the evidence to its conclusion. The Appeals Council found that Pack's retirement benefits were properly based on her non-government work record, reduced by the WEP. [Filing No. 16, at ECF p. 8.] The Appeals Council explained that the WEP applies because Pack is receiving a government pension from an employer that did not participate in Social Security. *Id*. In December 2010, the

WEP reduced Pack's monthly retirement benefits to $169.30. [Filing No. 16, at ECF p. 44.] The Appeals Council also found that Pack's spousal benefits were appropriately reduced for simultaneous entitlement and then by the GPO. [Filing No. 16, at ECF p. 8.] The Appeals Council explained that the simultaneous entitlement reduction applies because Pack is entitled to both retirement and spousal benefits. *Id*. This reduced her spousal benefits by the amount of her retirement benefits. The Appeals Council also explained that the GPO reduction applies because Pack is receiving a government pension from an employer that did not participate in Social Security. *Id*. The GPO decreased Pack's spousal benefits by two-thirds of her government pension payment. *Id*. In December 2010, the simultaneous entitlement and GPO reduced Pack's monthly spousal benefits to $781.80. [Filing No. 16, at ECF p. 44.] The Appeals Council found that Pack's total monthly benefits for December 2010 should have been $950 by adding together her rounded-down retirement benefits of $169 and spousal benefits of $781. [Filing No. 16, at ECF p. 8.]

Pack agrees that her government pension is based on earnings that were not covered by Social Security. Pack also agrees that she has sufficient covered earnings from non-government employment that qualify her to receive retirement benefits, and that her late husband also has sufficient covered earning that qualify her to receive spousal benefits. This was the evidence relied on by the ALJ and adopted by the Appeals Council in calculating the reductions to Pack's benefits. [Filing No. 16, at ECF p. 8, 19.]

Pack initially received her full retirement and spousal benefits, reduced for simultaneous entitlement. Once Social Security became aware that Pack is a government pension recipient from an employer that did not participate in Social Security, it applied additional reductions—the WEP and GPO. The Appeals Council explained how these reductions were applied to Pack's

benefits according to law and how the evidence supports the reductions. When the amount of Pack's benefits was reduced to account for her government pension, Social Security notified her that she had been overpaid. [Filing No. 16, at ECF p. 43-46.]

Pack agrees with the underlying facts and the Magistrate Judge finds no basis in law for Pack's argument that she was entitled to receive the full amount of both her Social Security retirement benefits and spousal benefits, less a two-thirds offset. Pack is a government pension recipient from an employer that did not participate in Social Security and her retirement benefits were properly based on her non-government work, reduced by the WEP. For the same reason, Pack's spousal benefits were properly reduced by the GPO. The Appeals Council applied these reductions to Pack's benefits according to law and explained its conclusions. Thus, the Appeals Council's decision is supported by substantial evidence and the Magistrate Judge finds that remand is not appropriate on this issue.

### B. Repayment amount

Pack argues that the Appeals Council found she must repay the overpayment amount of $9,936, but failed to account for $6,796 that she since repaid. The Commissioner agrees that Pack repaid $6,796, but argues that her subsequent partial repayment does not render the Appeals Council decision unsupported. The Magistrate Judge agrees with the Commissioner.

As an initial matter, the Magistrate Judge finds that recovery of the overpayment from Pack is appropriate. Social Security recovers overpayments through lump sum payments or installment deductions from the recipient's benefits. 42 U.S.C. § 404. However, recovery may be waived where the overpayment was made to "an individual who is without fault if adjustment or recovery would either defeat the purpose of title II of the Act, or be against equity and good conscience." 20 C.F.R. § 404.506(a). Recovery of an overpayment defeats the purposes of title

II if it renders a claimant unable to afford ordinary and necessary living expenses. 20 C.F.R. § 404.508. Recovery of an overpayment is against equity and good conscience if a claimant changed her position for the worse because she relied on the overpayment, or if the claimant did not actually receive the overpayment. 20 C.F.R. § 404.509. In order to obtain a waiver, the individual is responsible for providing this information. 20 C.F.R. § 404.506(c).

The Appeals Council determined that Pack was without fault for the overpayment, but found that Pack did not submit any information to support a finding that recovery would violate the purpose of title II or would be against equity and good conscience. Notably, the Appeals Council gave Pack additional time to provide this information, but Pack again failed to do so. [Filing No. 16, at ECF p. 9.] Instead, Pack sent a letter to the Appeals Council reiterating her objections to its calculation of her benefits. [Filing No. 24-1.] Pack's letter did not include any information that could establish the requirements for granting a waiver. There was no information before the Appeals Council that could support the grant of a waiver. Therefore, the Appeals Council correctly found that the overpayment must be repaid.

Pack argues that remand is appropriate so that the Appeals Council can account for $6,796 that she has since repaid. The Commissioner supports Pack's assertion that she has repaid $6,796, claiming that a portion of Pack's monthly benefits payment has been withheld since 2012. [Filing No. 33, at ECF p. 12-13.] The Commissioner also claims that Social Security is tracking Pack's repayment and that those deductions will cease once she has completed repayment. *Id*. However, the Commissioner also points out that the Appeals Council's decision does not discuss the process of repayment or mention whether any repayment has been received. [Filing No. 16, at ECF p.7-10.]

The only question properly before this Court is whether the Appeals Council's decision is supported by substantial evidence. *Skinner v. Astrue,* 478 F.3d 836, 841, 844-45 (7th Cir. 2007). Repayment was not discussed in the Appeals Council's decision and the record neither proves nor disproves Pack's repayment. The Appeals Council did nothing further than conclude recovery of the $9,936 overpayment to Pack is appropriate. Pack's subsequent repayment is beyond the scope of this Court's judicial review. As just discussed, the Appeals Council properly found that the overpayment must be repaid. This Court cannot review Pack's repayment because it is not a part of the Appeals Council's decision.

The Appeals Council's decision that Pack must repay the overpayment amount of $9,936 is supported by substantial evidence. The Appeals Council reviewed and affirmed the overpayment calculation in the August 2012 notice and its decision cannot be remanded each time a partial repayment is received. Therefore, the Magistrate Judge finds that remand is not appropriate on this issue.

**V. Conclusion**

Because the Appeals Council's findings were supported by substantial evidence, the Commissioner's decision should be affirmed. The Magistrate Judge recommends that the Court deny Pack's motion for petition, [Filing No. 19,] motion for an audit, [Filing No. 21,] and motion to remand. [Filing No. 24.]

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 2/1/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Clara Z. Pack
6033 Meadowlark Drive
Indianapolis, IN 46226

Meredith D. Schacht
SOCIAL SECURITY ADMINISTRATION
meredith.schacht@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov