UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLARA Z. PACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:15-cv-00581-SEB-TAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of the Commissioner of Social Security that Plaintiff Clara Z. Pack, proceeding *pro se*, was overpaid $9,936 in benefits and that, while she was not at fault for this overpayment, she must repay that amount. An Administrative Law Judge ("ALJ") found that Plaintiff had received an overpayment in July 2012 for which she was at fault. Tr. at 20. On appeal, the Appeals Council affirmed the ALJ's determination that Plaintiff was overpaid but determined that the ALJ had miscalculated the overpayment by $12 and erred in finding that Plaintiff was at fault. The Appeals Council further concluded that Plaintiff must repay the overpayment amount, despite not being at fault, because she had not filed a waiver to avoid repayment. The Appeals Council's decision became the final decision of the Commissioner of Social Security ("Commissioner"). This case was referred for consideration to Magistrate Judge Baker, who issued a Report and Recommendation

1

affirming the Appeals Council's holding. This cause is now before the Court on Plaintiff's objections to the Report and Recommendation and her request for remand.

For the reasons detailed herein, we ADOPT the Magistrate Judge's Report and Recommendation and uphold the Appeals Council decision. We OVERRULE Plaintiff's objections and DENY her request for remand.

## Standard of Review

Following a magistrate judge's report and recommendation, the Court's standard of review "depends upon whether a party files objections." *Hawrelak v. Colvin*, No. 13-cv-3026, 2015 WL 5736090 at *1 (C.D. Ill. Sept. 30, 2015). "If a party does not object to the report and recommendation, the Court need not conduct a review by any standard." *Id.* (citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002)). When a party raises objections to elements of a magistrate judge's report and recommendation, the Court reviews those elements *de novo*, determining for itself whether the Commissioner's decision regarding those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). "The [court] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed R. Civ. P. 72(b). *See* 28 U.S.C. § 636(b)(1).

Here, Plaintiff has raised objections to the Magistrate Judge's Report and Recommendation ("Report"). Therefore, our review of those aspects of the report is *de novo*, regarding whether the Commissioner's decision was supported by substantial evidence or the result of an error of law. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon*

2

*v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the Appeals Council's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "The standard of review for procedural errors is harmless error, or whether the error is such that the Court believes it may change the ultimate decision of the…Appeals Council." *Hawrelak*, No. 13-cv-3026, 2015 WL 5736090 at *1 (citing *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011)). We confine the scope of our review to the rationale offered by the Commissioner. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93-53 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

## Factual & Procedural Background

### I.   ALJ Decision

Following a hearing on June 13, 2013, the ALJ ruled that Plaintiff was overpaid benefits totaling $9,924[1] and that she was at fault for the overpayment. Specifically, the ALJ found that Plaintiff's Social Security retirement benefits were subject to the Windfall Elimination Provision ("WEP") reduction[2] and that her widow's benefits were subject to

---

[1] The ALJ found that Plaintiff had been overpaid $9,934 in July 2012, and that Plaintiff had been underpaid $10 between March 2011 and December 2011. The ALJ combined these sums to calculate Plaintiff's total overpayment at $9,924.

[2] The WEP is a reduction that applies when an individual "work[s] for an employer who doesn't withhold Social Security taxes from [the individual's] salary, such as a government agency or an employer in another country," reducing the individual's Social Security benefits. WINDFALL ELIMINATION PROVISION, SSA Publication No. 05-10045, available at https://www.ssa.gov/pubs/EN-05-10045.pdf.

3

the Government Pension Offset ("GPO") reduction.[3] Tr. at 18-19. The ALJ calculated the overpayment at $9,924. Tr. at 20. The ALJ found Plaintiff at fault for the overpayment because she failed to inform the SSA of her government pension, and failed to return the overpayment even when she understood that she was not entitled to it. Tr. at 20.

## II.     Appeals Council

The Appeals Council reviewed the ALJ decision at Plaintiff's request. On December 23, 2014, the Appeals Council notified Plaintiff that it "proposed to issue a decision affirming the [ALJ's] determination that [Plaintiff] received an overpayment of $9,936" and that it "planned to reverse the [ALJ]'s conclusion that [Plaintiff] was at fault in causing the overpayment." Tr. at 7. The Appeals Council further notified Plaintiff that the notice was intended "to give [Plaintiff] an opportunity to show recovery of this overpayment from her may be waived." *Id.* Plaintiff responded by letter but provided no additional evidence for, nor expressed interest in, pursuing a waiver. *See id.*; Mem. in Supp. of the Comm'r's Decision.

On February 12, 2015, the Appeals Council held that Plaintiff had received an overpayment of $9,936, an amount $12 higher than that found by the ALJ, which the Appeals Council attributed to a rounding error in the ALJ calculations. Tr. at 9. Further, the Appeals Council held that Plaintiff was not at fault for the overpayment, but that no waiver of the repayment was applicable because Plaintiff had provided no evidence to

---

[3] The GPO reduces an individual's "Social Security spouses or widows or widowers benefits" if the individual "receive[s] a pension from a federal, state, or local government based on work for which [the individual] didn't pay Social Security taxes." GOVERNMENT PENSION OFFSET, SSA Publication No. 05-10007, available at https://www.ssa.gov/pubs/EN-05-10007.pdf.

4

show that "recovery of the overpayment…would defeat the purpose of the Social Security Act, or be against equity and good conscience." *Id.*

### III. Magistrate Judge's Report and Recommendation

Plaintiff appealed the decision of the Appeals Council to this Court, and the case was referred to the Magistrate Judge. The Magistrate Judge held a telephonic conference with the parties on November 13, 2015. After that hearing and upon review of Plaintiff's motions and responses, the Magistrate Judge determined Plaintiff's arguments to be that: "(1) the $9,936 overpayment amount is not supported by substantial evidence, and (2) the Appeals Council failed to take into account $6,796 that [Plaintiff had] since repaid." Report and Recommendation at 3. In his Report, issued February 1, 2016, the Magistrate Judge concluded that the $9,936 overpayment finding was supported by substantial evidence. *Id.* at 6. Specifically, the Magistrate Judge found that Plaintiff's "retirement benefits were properly…reduced by the WEP" while her "spousal benefits were properly reduced by the GPO." Report and Recommendation at 6. Further, the Magistrate Judge found that repayment was appropriate because Plaintiff never sought a waiver. *Id.* Finally, the Magistrate Judge determined that, while it is undisputed that Plaintiff has repaid $6,796 of the overpayment, the decision of the Appeals Council addressed only the amount of overpayment and did not address the process of repayment or whether any repayment had been received. Accordingly, the Magistrate Judge found that Plaintiff's subsequent repayment was beyond the scope of the judicial review because it was not part of the Appeals Council's decision that is the subject of this appeal. Tr. at 7-8.

Plaintiff filed objections to the Report and raises additional arguments. *See* 28 U.S.C. § 636 (b)(1)(C). Upon careful review, we AFFIRM the Magistrate Judge's Report.

## Discussion

### I. Plaintiff's Objections to Magistrate Judge's Report

### A. Plaintiff is not at fault for overpayment, but must repay the overpaid amount.

In her response to the Report, Plaintiff first appears to argue that she is not at fault for the overpayment.[4] Plaintiff claims that after initially receiving the payments of $9,732 and $202, it was she, not the SSA, who initially inquired about the sum. *See* Pl.'s Resp. to Report and Recommendation ¶ 1. The issue of fault is not in dispute here. Both the Appeals Council and the Magistrate Judge's Report conclude that Plaintiff was not at fault for the overpayment, and the Commissioner has not challenged this finding. *See* Tr. at 9 ("[t]he claimant was without fault in causing the $9,936 overpayment at issue"). Accordingly, we interpret Plaintiff's objection to be to the Magistrate Judge's affirming the Appeals Council's finding that, despite not being at fault, Plaintiff must still repay the overpayment in full.

When an individual receives an overpayment from the SSA, the SSA recovers the value overpaid by either decreasing that individual's monthly benefit payments or requiring the individual to refund the overpayment in a lump sum. 42 U.S.C. §

---

[4] Plaintiff does not explicitly state that she objects to a finding of fault; rather, she argues, "I went to [SSA] to inquire, [sic] why I received $202.00 and $9,732.00. [SSA] did not come to me. Does that make me look like, [sic] I am trying to keep the money. [sic]" Pl. Resp. to Report and Recommendation at 1.

6

404(a)(1)(A). In the instant case, the SSA sought recovery of its overpayment by decreasing Plaintiff's monthly benefit payments. *See* Report and Recommendation at 7.

It is true that an individual who receives an overpayment may request a waiver to avoid repayment. 42 U.S.C. § 404(b)(1). The waiver applies when (1) the individual is not at fault; and (2) where adjustment or recovery "would either defeat the purpose of [T]itle II of the Act or be against equity and good conscience." 20 C.F.R. § 404.506(a).[5] Individuals who wish to apply for such waivers initiate the waiver process by providing the SSA with information to support their qualifications for the waiver. 20 C.F.R. § 404.506(c). Here, however, Plaintiff has taken no steps to seek a waiver, despite the Appeals Council expressly providing her an opportunity to do so.[6] Tr. at 9. Because Plaintiff failed to pursue a waiver, recovery of the overpaid value by way of adjusting Plaintiff's monthly payments, as has occurred in this case, is appropriate. Report and Recommendation at 7.Therefore, any objection to the Report on this basis is overruled.

**B. The Report correctly identifies spousal and survivor's benefits.**

---

[5] "Recovery of an overpayment defeats the purposes of Title II if it renders a claimant unable to afford ordinary and necessary living expenses. Recovery of an overpayment is against equity and good conscience if a claimant changed her position for the worse because she relied on the overpayment, or if the claimant did not actually receive the overpayment." Report and Recommendation at 6-7 (citing 20 C.F.R. § 404.508 and 20 C.F.R. § 404.509).

[6] "With notice of December 23, 2014, the Council provided the claimant with an opportunity to pursue the waiver issue by submitting relevant evidence of her income, resources, and expenses, including the portion of the overpaid funds in her possession at the time of the initial overpayment notice on August 15, 2012. However, the claimant did not…provide the additional waiver information as requested by the Council." Tr. at 9.

Plaintiff next objects to the Magistrate Judge's report on the grounds that it calculated "spousal" benefits whereas she actually receives "widow's," or "survivor's," benefits. Pl.'s Resp. to Report and Recommendation at 2. Plaintiff maintains that spousal benefits are 50% of the spouse's Social Security benefits, whereas widow's benefits are 100% of the decedent's Social Security benefits. Pl.'s Addendum to Resp. to Report and Recommendation at 4. Plaintiff therefore contends that, because the Report incorrectly calculated spousal rather than widow's benefits, all subsequent calculations in the Report are also incorrect. *Id.*

Plaintiff is correct that spousal benefits vary depending on whether the individual receiving the spousal benefit is a husband or wife versus a widow or widower. As a husband or wife of an individual who qualifies for Social Security, one is entitled to half of the husband or wife's primary insurance amount. 20 C.F.R. § 404.333. As a widow or widower of an individual receiving Social Security, one is entitled the full amount of the decedent's primary insurance amount. 20 C.F.R. § 404.338.

However, Plaintiff is incorrect in her assertion that the Magistrate Judge inaccurately confused these two calculations. Although the Magistrate Judge uses the term "spousal" to describe the benefit Plaintiff receives, the underlying calculations rest on the ALJ and Appeals Council's values, which are based on 100% of the decedent's primary insurance amount and identify the benefit as a "widow's" benefit. *See* Report and Recommendation at 5; Tr. at 8-9; Tr. at 19. While the Magistrate Judge's use of the term "spousal" rather than "widow's" may have been confusing, the calculations he used were accurate and therefore, if anything, referring to them as "spousal" benefits was at most

8

harmless error. *See Keys v. Barnhart*, 347 F.3d 990, 994 (7th Cir. 2003) (explaining that the doctrine of harmless error is applicable to judicial review of administrative decisions).

Plaintiff's objection to the report's reference to spousal benefits rather than widow's or survivor's benefits is therefore overruled.

## II.     Plaintiff's Additional Arguments

In addition to objecting to specific portions of the Magistrate Judge's report, Plaintiff also has raised several new issues in her response and the addendum to her response. We address these additional arguments in turn below.

### A. Plaintiff's request to amend her original complaint is untimely and beyond the scope of this review.

In her response to the Report, Plaintiff requests the opportunity to amend her original complaint. This request is untimely. The Appeals Council's notice sent to Plaintiff in December of 2014 invited her to provide additional evidence and comments for the Appeals Council's decision. Tr. at 7. In addition, Plaintiff had the opportunity to speak with the Magistrate Judge in a telephonic conference on November 13, 2015. Report and Recommendation at 3. Plaintiff did not utilize either of these opportunities to seek leave to amend her original complaint, making her request untimely. Furthermore, because Plaintiff did not raise this request in her appeal to the Appeals Council holding, her request is beyond the scope of this review. *See Clifford*, 227 F.3 at 869.

Even if Plaintiff were permitted to amend her complaint as she requests, her proposed amendments would not alter the decisions in this case. For example, Plaintiff requests that her SSA 1099 tax forms be accepted as evidence to show her monthly

9

payments. Pl. Resp. to Report and Recommendation at 3. However, this information is already included in the Transcript. *See* Tr. at 70-71. Plaintiff also advances a new claim about the WEP calculation that misconstrues the WEP as a benefit amount rather than a reduction. *See* Pl. Resp. to Report and Recommendation at 3. Finally, Plaintiff alleges that an SSA employee intentionally delayed Plaintiff's request for hearing. Pl. Resp. to Report and Recommendation at 3. While it is true that the request was delayed internally for more than 60 days, the delay was not prejudicial to the outcome of Plaintiff's request. *See* Tr. at 74. Accordingly, the amendments Plaintiff seeks are futile and therefore are denied.

## B. Plaintiff's request for remand is untimely and beyond the scope of this review.

In an addendum to her response to the Report, Plaintiff for the first time asserts that she is currently receiving only her widow's benefit, and is not receiving her Social Security benefit. Pl.'s Addendum to Resp. to Report and Recommendation at 1. Plaintiff requests that her case be remanded to SSA to evaluate this new argument. Similar to Plaintiff's request to amend her original complaint, this request for remand is untimely and beyond the scope of this review, and therefore is subject to denial on this basis alone.

Even if Plaintiff were permitted to introduce a new issue at this late stage in the proceedings, her argument is without merit. Plaintiff claims that she currently receives $985 per month, which, she alleges, consists *solely* of her widow's benefits. *Id.* The Magistrate Judge's report affirms the Appeals Council's findings that Plaintiff's widow's benefit after GPO reductions, *plus* her retirement benefits subject to WEP and GPO

10

reductions, results in a monthly payment of $985 from December 2011 to January 2012.[7] *See* Report and Recommendation at 3-4; Tr. at 8-9. For the reasons detailed in the Magistrate Judge's Report, we find this calculation to be supported by substantial evidence. Accordingly, we hold that the $985 amount comprises the total monthly payment to which Plaintiff is entitled for *all* of her benefits.[8]

For these reasons, Plaintiff's request for remand is denied.

## Conclusion

As explained above, Plaintiff's objections to the Magistrate Judge's Report and Recommendation are OVERRULED and we ADOPT the recommendations set forth in the Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Petition, Motion for Audit, Motion to Remand, and Motion to Submit Addition[al] Information are DENIED for the reasons set forth herein. Final judgment shall enter in favor of the Defendant and against Plaintiff.

---

[7] The calculations in Plaintiff's Addendum cite $1,842.50 as the amount of her widow's benefit before the GPO reduction. This is incorrect. As noted in the ALJ opinion, the amount of her widow's benefit before the GPO reduction is $1,663.20. The $1,842.50 amount is the *combined* value of her widow's benefit before the GPO reduction *and* her Social Security, or retirement, benefit. *See* Pl.'s Addendum to Resp. to Report and Recommendation at 4; Tr. at 19-20.

[8] In addition to the filings already discussed, Plaintiff filed a Motion for Petition on July 20, 2015, seeking to compel production of records by the SSA and a Motion for Audit on July 28, 2015, seeking to compel production of information about the calculation of Plaintiff's benefits; and a Motion to Submit Addition[al] Information Pertinent to Complaint on July 12, 2016, seeking to file additional documents in support of her claim. Because this case is an appeal challenging the merits of an administrative decision, unless the case is remanded to the agency for further proceedings, it must be decided only on the contents of the closed administrative record. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976) (recognizing that "under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), neither party may put any additional evidence before the district court); *Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 855 (7th Cir. 2009) ("As a general rule … review of an agency's decision is confined to the administrative record."). Accordingly, Plaintiffs' requests seeking discovery and to file additional documents are denied.

IT IS SO ORDERED.

Date: ___7/20/2016_____        _____

                                                                         SARAH EVANS BARKER, JUDGE
                                                                         United States District Court
                                                                         Southern District of Indiana

Distribution:

CLARA Z. PACK
6033 Meadowlark Dr.
Indianapolis, IN 46226

Meredith D. Schacht
SOCIAL SECURITY ADMINISTRATION
meredith.schacht@ssa.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov